STEDMAN and Another *v.* FREEMAN and Others.

Proceedings to foreclose a junior mortgage. Certain parties who held a prior mortgage, made to indemnify them as indorsers for the mortgagors, were made defendants; and appeared, and set up, by way of cross bill, that they had paid certain sums of money on account of said indorsements, which they asked to have decreed a prior lien. The mortgagors admitted the claim; but the plaintiffs replied, averring that the notes, which defendants claimed to have paid as indorsers, had been *fully paid off and discharged;* and, in a second paragraph, that the said notes had been fully paid and discharged by one *Gibson.* The prior mortgagees traversed the material allegations of these replications.

*Held,* that it was sufficient, to entitle the prior mortgagees to the relief they asked, that they had taken up the notes upon which they were indorsers, by the proceeds of new notes of their own; and whether these last had been paid, was immaterial.

*Held,* also, that, if the replications of the plaintiffs be understood to mean, that the notes had been *repaid* to the indorsers, then, they were properly traversed; but if they are to be understood as averring only that the notes had been paid to the original holders, then they are not inconsistent with the answer, and are not reached by the traverse of "material allegations."

*Wednesday,*
*November* 28.

APPEAL from the *Decatur* Circuit Court.

WORDEN, J.—Suit by the appellants against the appellees to foreclose a mortgage executed by *James Freeman* to the plaintiffs, *March* 16, 1857, to secure the payment of a promissory note made by *J. & L. Freeman.* No question arises as to the plaintiff's claim.

The controversy grows out of the claim of senior mortgagees, who held a mortgage executed by the same party to them on *February* 27, 1857. The last mentioned mortgage was executed to secure a part of the mortgagees against loss from liabilities, as indorsers for the firm of *J. & L. Freeman,* on certain promissory notes therein described, amounting, in all, to $3,800. The Court, on the trial of the cause, found for the plaintiffs the amount of their claim; and for *Bryan, Grover,* and *Talbott & Wilson,* part of the senior mortgagees, the following amounts, viz.: for *Bryan,* $321; for *Grover,* $535 and 40 cents; and for *Talbott & Wilson,* $536 and 70 cents; which amounts, on the sale of the mort-

gaged premises, were ordered to be paid before the claim of the plaintiffs. The plaintiffs moved for a new trial, on the finding of the Court in favor of *Bryan*, *Grover*, and *Talbott & Wilson*, but the motion was overruled, and judgment was rendered accordingly, which the plaintiffs seek to reverse. The answer of the *Freemans* admits the said several sums to be due the several senior mortgagees on their mortgage, so that, as between the mortgagor and mortgagees, there is no controversy.

The main question arising in the case is, whether the evidence is sufficient to sustain the finding. Upon looking into the evidence, we can by no means say that the finding is so clearly wrong as to authorize us to disturb it. Leaving out of view any evidence that might possibly be objectionable, we think there is enough left to sustain the finding and judgment of the Court. It may be inferred, from the evidence, that *Bryan*, *Grover*, and *Talbott & Wilson*, paid the respective notes on which they were indorsers, at the maturity thereof, by the making of new paper, to which neither of the *Freemans* was a party; putting it in market, and with the proceeds liquidating the notes on which they were indorsers. This, undoubtedly, they had a right to do; and it is wholly immaterial whether they paid the notes indorsed by them for the *Freemans* out of funds on hand, or out of funds specially raised for that purpose; and it is likewise immaterial whether they have paid the new paper created by them, on which they raised the funds. It also appears, sufficiently, that they have not been fully re-imbursed, but that there is due them the respective amounts found by the Court.

But the appellants insist, that under the pleadings in the cause, the finding and judgment can not stand. The defendants, *Bryan*, *Grover*, and *Talbott & Wilson*, in their respective answers, set out, by way of cross complaint, the notes on which they were respectively indorsers, and aver the payment thereof by them respectively, and that they have not been re-imbursed or repaid, and pray relief. To these answers the plaintiff replied: " 2. That said notes exhibited by said defendants in their said several answers, have been fully paid. 3. That said several notes exhibited by said

Nov. Term,
1860.

STEDMAN
v.
FREEMAN.

defendants in their said several answers herein, were fully paid off and discharged by *Israel T. Gibson.*"

The defendants traversed every "material averment" in the replies.

The counsel for the appellants argues in this wise:

"The third and fourth replies are, substantially, the same as the second, with the addition that they aver that the payment was made by *Israel T. Gibson.* To this second reply no demurrer was filed, nor was objection taken to it in any manner; and as it is the rule, as old as the common law, that a party can recover only according to his allegations and proofs; that the *allegata et probata* must agree, how can a recovery be had in favor of these defendants over this reply? They set up in their answers certain notes, which they say they have paid, as the indorsers of the *Freemans.* The plaintiffs reply, that these notes had been fully paid; and in their third reply, that they had been fully paid by said *Gibson.* If, therefore, there can be no doubt, from the evidence, that these notes had been fully paid, how can the defendants recover on them? The issue is proven against them; indeed, there is no conflict in the evidence in this respect. It is proven by *Elliott* and *Gibson*, and there is no counter evidence; none whatever."

In reference to the third paragraph, above set out, it may be observed that it does appear, by the evidence, that the notes were paid to the holders by *Israel T. Gibson;* but it also appears that it was done for the defendants, and at their request, and with the money raised on the paper made by the defendants; and that, upon taking up the notes in this manner, he handed them over to the defendants, in pursuance of such previous request and arrangement; so that the payment was the act of the defendants, and not of said *Gibson,* except as the agent of the defendants for that purpose.

We understand counsel to contend that, under the second paragraph, if the notes have been paid at all, by whomsoever it may have been done, even by the defendants themselves, they could not recover. The natural interpretation of the paragraph, viewed in reference to the answers to which it is replied, would seem to be that the notes so alleged to have

been paid by the defendants, had been paid back to them. So it seems to have been treated; otherwise it would not be responsive to the case made by the answers, nor, indeed, would it be any avoidance whatever of those answers. The defendants themselves claimed that the notes had been paid to the holder, and without such payment, by themselves, they could not recover.

The replication, thus viewed, would be an admission in part, of the facts averred in the answer, viz: a payment of the notes, and not in any sense an avoidance of those facts. In this respect, then, the parties by their pleadings agree: that is, that the notes had been paid. The defendants alleging that they had been paid by them, and the plaintiffs alleging the payment, without stating by whom. If this is to be the interpretation of the pleading in question, the traverse should not be construed to extend to it; as that only extends to the "material averments," which we suppose means material averments of new matter, set up in avoidance of the answers. We are unable to perceive why a recovery of the defendants can not be sustained in consequence of there having been proof of a fact material to their recovery, which fact was alleged on both sides, and not denied on either.

On the other hand, if the replication is to be construed as averring a repayment to the defendants, the objection made is obviated; so that, in either aspect of the question, we see no cause to disturb the finding.

*Per Curiam.*—The judgment is affirmed, with costs.

*B. W. Wilson*, for appellees.